UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------x
XU QI DONG, DE XING ZHENG, QING DONG LIN,
CHANG YONG JIANG, BI ZHUI CHEN, ZHAO QIN
CHEN, XUE YONG LIN, PING QIANG CHEN,
and GUANG XIANG LIN,

07 CV 650 (RJH)(KNF)

**COMPLAINT**
ECF CASE

                    Plaintiffs,

        -against-



MARK NG a.k.a. KWOK FAI NG, LEILA NG,
ROTHSTEIN & HOFFMAN INTERNATIONAL, INC.,
ROTHSTEIN & HOFFMAN ELECTRIC SERVICES,
WOOD CONCEPT, INC., B.H. PLUMBING
AND HEATING CORP., B.H. FACILITY
CONSTRUCTION CORP., and MBH MECHANICAL
CORP.,

                    Defendants.
---------------------------------------------x

JUDGE KOELTL

RECEIVED
JAN 2 8 2008
U.S.D.C. S.D. N.Y.
CASHIERS

### PRELIMINARY STATEMENT

1. Plaintiffs are former employees of corporations owned or controlled by defendant Mark Ng. Hereinafter defendant Mark Ng is referred to as "defendant Ng" or "defendant Mark Ng". For many years, plaintiffs worked on construction contracts obtained by the defendant Ng for his corporations on projects for New York City, New York State and federal government agencies.

2. City, State and federal laws require that contractors working on government financed construction contracts pay their employees certain specified hourly rates - the prevailing wage. In clear violation of these laws and the construction contracts executed in compliance with these laws, defendant Ng and his corporations paid plaintiffs substantially less than the prevailing wage.

3. In order to avoid detection for the violations of these contractual obligations and to continue to pay less than the prevailing wage, defendant Mark Ng intentionally and necessarily defrauded the government agencies by filing certified payroll statements falsely reporting the rates at which plaintiffs were paid and the hours that they worked. Defendant Leila Ng added and abetted defendant Mark Ng in these activities. But for these fraudulent filings, defendant Ng and his corporations would have had to pay plaintiffs the prevailing wage for all of their hours of work.

4. Because of these continuing and long standing fraudulent actions, defendants Mark and Leila Ng are liable under the Racketeer Influenced and Corrupt Organizations Act (RICO).

5. Additionally and/or alternatively, plaintiffs seek unpaid overtime pay under federal and state law against Ng and his corporation.

6. Additionally and/or alternatively, plaintiffs seek unpaid wages under state contract and labor laws for the non-payment of the wages specified in the construction contracts.

<u>JURISDICTION AND VENUE</u>

7. Jurisdiction is conferred on the Court by 28 U.S.C. § 1331 and 18 U.S.C. § 1964. The Court has supplemental jurisdiction of plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

8. Venue lies in the Southern District of New York in that the unlawful actions complained of occurred in, and the records relevant to such practices are maintained in, this District. 28 U.S.C. § 1391(b) and 18 U.S.C. § 1965.

## PARTIES

9. Plaintiffs Xu Qi Dong, De Xing Zheng, Qing Dong Lin, Chang Yong Jiang, Bi Zhui Chen, Zhao Qin Chen, Xue Yong Lin, Ping Qiang Chen, and Guang Xiang Lin worked for various periods between 2004 and 2007 for defendant Mark Ng and corporations owned and operated by defendant Ng.

10. Defendant Mark Ng a.k.a. Kwok Fai Ng is on information and belief the owner in whole or part and chief officer of Rothstein & Hoffman International, Inc., Rothstein & Hoffman Electric Services, Wood Concept, Inc., B.H. Plumbing and Heating Corp., B.H. Facility Construction Corp., MBH Mechanical Corp. and other corporations that do business with governmental agencies.

11. Defendant Leila Ng is the wife of defendant Mark Ng and on information and belief is in the employ of all of the corporations owned and controlled by defendant Mark Ng. Defendant Leila Ng is hereinafter only referred as "defendant Leila Ng".

12. Defendants Rothstein & Hoffman International, Inc., Rothstein & Hoffman Electric Services, Wood Concept, Inc., B.H. Plumbing and Heating Corp., and MBH Mechanical Corp. are corporations owned in whole or part by defendant Mark Ng

and are under his control. Hereinafter these defendants are collectively referred to as the "Ng Corporations".

## STATEMENT OF FACTS

13. Defendant Ng has violated 18 U.S.C. §§ 1962 (c) by committing numerous acts of mail and/or wire fraud in a continuing pattern of racketeering.

14. Plaintiffs worked for Ng Corporations for various periods between 2004 and 2007.

15. Plaintiffs performed tasks as skilled craftsman including electricians, carpenters, tile layers, drywall tapers, painters and masons on various government contracts held by the Ng Corporations.

16. On information and belief, plaintiffs only worked on government construction contracts for the Ng Corporations.

17. Plaintiffs regularly worked 6 days a week for the Ng Corporations, but often worked on Sunday as well.

18. Plaintiffs generally worked 9 hours a day, from on or about 8:15 a.m. to on or about 5:45 p.m. with a half-an-hour break for lunch including Sundays.

19. Plaintiffs were paid in cash.

20. Plaintiffs did not receive pay slips with their cash payments.

21. Plaintiffs were paid about $600 each week. Upon information and belief, Defendant deducted a 5% kickback

from these cash wages.

22. Plaintiffs were paid by the day with daily net pay rates that averaged from roughly about $9.50 an hour to about $12.50 an hour, although these rates sometimes varied from week to week over the course of their employment.

23. Plaintiffs were not paid overtime for all their work over 40 hours. Plaintiffs regularly worked 9 hours a day. They regularly worked 6 days a week and sometimes 7 days.

## DEFENDANTS FRAUDULENT PRACTICES

24. The Ng Corporations had numerous contracts to do construction work for the Health and Hospitals Corporation of the City of New York ("HHC") on its many hospitals. In the years 2004 to 2007, these contracts included construction work at Bellevue Hospital, Metropolitan Hospital, Harlem Hospital, Elmhurst Hospital, Lincoln Hospital, Gouverneur Hospital, Kings County Hospital, Coney Island Hospital, and Jacobi Medical Center.

25. Pursuant to the terms of the contracts with the HHC, the Ng Corporations were required to pay plaintiffs and others at specified rates of pay.

26. In addition the Ng Corporation that held the contract was required to certify that the plaintiffs and others were paid at the specified rates by submitting certified weekly payrolls.

27. As a result of these contractual obligations,

defendant Mark Ng on behalf of various Ng Corporations swore to and submitted fraudulent payrolls on a regular basis to the HHC during the terms of the construction contracts.

28. Defendant Ng certified fraudulent payrolls that falsely listed the wages that plaintiffs were paid and the hours and days that they worked. In addition, these payrolls failed to include plaintiffs who worked on the projects and who were also not paid the specified rates for their work.

29. Plaintiffs worked numerous other HHC construction contracts for the Ng Corporations.

30. Plaintiffs were never paid rates that would have been the prevailing wage for their work and which were specified in the HHC construction contacts.

31. On information and belief, defendant Ng regularly filed false payroll reports on these other construction contracts.

32. But for the fraudulent payroll records submitted by defendant Ng in accordance with construction contracts with HHC, the Ng Corporations would have had to pay plaintiffs the wages specified in the contracts wage for each of their hours of work. Plaintiff's injuries were the foreseeable and anticipated consequence of the fraud. While the government agencies were defrauded, plaintiffs were the intended targets of the fraud.

33. On information and belief, defendant Leila Ng worked for all of the Ng Corporations. Defendant Leila Ng oversaw the payment of employees of the Ng Corporations.

Defendant Leila Ng aided and abetted defendant Mark Ng in the preparation of the fraudulent payroll records submitted to the state and city agencies with which the Ng Corporations held contracts.

34. As a result of defendant Ng's racketeering activities through his control of the Ng Corporations, plaintiffs' lawfully earned wages were taken from them.

35. On information and belief, defendants Mark and Leila Ng personally profited from the unpaid wages fraudulently denied to plaintiffs.

36. On information and belief, the profits have been transferred out of the Ng Corporations and are held privately in by defendants Mark and Leila Ng or in corporations established by them.

37. Plaintiffs first became aware of defendants' fraudulent practices in the fall of 2007.

## FIRST CAUSE OF ACTION
RICO, 18 U.S.C. § 1962(c)
Against Defendants Mark and Leila Ng

38. Plaintiffs repeat and reallege all the paragraphs above.

39. Plaintiffs' First Cause of Action is limited to plaintiffs work for the Ng Corporations on construction contracts for New York City and New York State agencies.

40. Throughout the relevant period described herein, defendant Mark Ng and defendant Leila Ng were "persons" within the meaning of RICO, 18 U.S.C. § 1961(3) and

§ 1962(c).

41. The Ng Corporations are an association-in-fact.

42. The Ng Corporations are an "enterprise" within the meaning of RICO. One or more of the Ng Corporations held each contract with the government agencies. Plaintiffs were variously paid by different Ng Corporations without regard to which contract they worked on.

43. Defendants committed a long-standing pattern of predicate offenses under § 1961(1)(B), including mail fraud under 18 U.S.C. § 1341 and wire fraud under 18 U.S.C. § 1343.

44. Defendants committed mail and/or wire fraud under 18 U.S.C. §§ 1341 and 1343 by submitting fraudulent payrolls to New York City and New York State agencies to deprive plaintiffs of their rightly earned income from working on government construction contracts.

45. In furtherance of the fraudulent scheme, on information and belief, the enterprise used the U.S. Mails and interstate wire services to enter into contracts with New York City and New York State agencies and received payments under these contracts using the U.S. Mails. Defendant Ng used the enterprise to obtain these contracts intentionally and purposefully with the intention of defrauding the government agencies involved.

46. This scheme was designed by defendant Ng to conceal from the governmental agencies the underpayments of plaintiffs by Ng Corporations. Given the truthful

a pattern of racketeering activity. Throughout the relevant periods, defendant Ng conducted the enterprise through a pattern of racketeering activity within the meaning of RICO, 18 U.S.C. §§ 1961(5) and 1962(c), in violation of RICO, 18 U.S.C. § 1962(c).

56. The enterprise is engaged in or affects interstate or foreign commerce.

57. Defendant Ng has (a) used the or invested some of the proceeds of the income derived from the pattern of racketeering activity to establish, operate and acquire an interest in the Ng Corporations, (b) acquired an interest or control of the enterprise through a pattern of racketeering activity; and (c) conducted the affairs of that enterprise through a pattern of racketeering activity.

58. Defendant Ng's fraud to obtain plaintiffs' wages in violation of 18 U.S.C. § 1951 and participation in the Ng Corporations as a racketeering enterprise violates 18 U.S.C. §1962 (c).

59. Because of defendants' fraudulent practices, plaintiffs first became aware of the RICO violations in the fall of 2007.

60. As a result, plaintiffs are entitled to treble damages in an amount as yet undetermined pursuant to 18 U.S.C. § 1964(c), plus attorneys' fees and costs.

## SECOND CAUSE OF ACTION
Federal and New York Labor Law
Against Defendant Mark Ng
and Defendant Ng Corporations

61. Plaintiffs allege and reallege all the paragraphs above.

62. Plaintiffs' Second Cause of Action covers all work for the defendants.

63. Defendant Mark Ng is plaintiffs' employer. He had the power to hire and fire plaintiffs and other employees of the Ng Corporations, set their wages and hours of work, and the power to maintain their employment records.

64. Plaintiffs regularly worked more than 40 hours each week and were not paid time and a half of their regular pay for all their overtime hours.

65. Upon information and belief, Defendants took a 5% kickback from plaintiffs' pay.

66. Defendants' intentional and willful failure to pay overtime and their taking of a kickback violate of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq and the New York Labor Law §§ 190 et seq. and 650 et seq. and supporting New York Department of Labor Orders and Regulations.

## THIRD CAUSE OF ACTION
New York Labor Law & Contract
Against Defendant Mark Ng
and Defendant Ng Corporations

67. Plaintiffs allege and reallege all the paragraphs above.

68. Plaintiffs' Third Cause of Action is limited to plaintiffs' work for the Ng Corporations on construction contracts for New York City and New York State Agencies.

69. Defendant Ng was plaintiffs' employer as that term is defined by the New York Labor Law. He had the power to hire and fire employees, to set their wages, to set their hours, and to maintain their employment records.

70. Defendant Ng Corporations entered into contracts to perform construction work at various New York Health and Hospital Corporation ("HHC") hospitals.

71. On information and belief, those contracts specified the hourly rates to be paid plaintiffs for their work.

72. Plaintiffs were the third party beneficiaries of the contracts between the Ng Corporations and the HHC.

73. Defendant Ng Corporations and defendant Ng willfully and intentionally did not pay the wages specified in those contracts to plaintiffs for their work on the contracts with HHC.

74. Plaintiffs' right to receive their proper wages at the end of each week of work has been violated by defendants in violation of New York Labor Law §§ 160 et seq. and 190 et seq.

<u>PRAYER FOR RELIEF</u>

WHEREFORE plaintiffs respectfully request that a judgment be granted against defendants Mark and Leila Ng in regard to the First Cause of Action as follows:

a. awarding plaintiffs treble damages;

b. awarding plaintiffs attorney's fees and costs; and,

c. such other relief as this Court deems is just and proper.

In regard to the Second and Third Causes of Action, plaintiffs respectfully request that a judgment be granted against defendants Mark Ng and the Ng Corporations;

a. awarding plaintiffs their unpaid wages plus liquidated damages and prejudgment interest;

b. awarding plaintiffs attorney's fees and costs, and

c. such other relief as this Court deems is just and proper.

Dated: New York, New York
       January 15th, 2008

Yours, etc.,

LAW OFFICES OF YAT T. MAN

_____

Yat T. Man (YM 6052)
Attorney for Plaintiffs
11 East Broadway, Suite 9B
New York, NY 10038
(212) 374-9600

14